## BIVINS & CARROLL v. BIRD, *Sheriff.*

No. 2720.    Opinion Filed January 9, 1912.

(121 Pac. 1080.)

TAXATION—Assessment—Personal Property of Firm—"Person." Section 2, art. 2 of the general revenue act approved March 10, 1909 (Sess. Laws 1909, p. 572), provides: "A person moving into this state from another state between March 1st and September 1st shall list his personal property acquiring an actual situs therein before September 1st and the same shall be assessed and placed upon the tax roll and the taxes thereon collected," etc. The word "person" in the foregoing statute includes a firm; and where a firm moves into the state between March 1st and September 1st, moving personal property into the state that acquires a situs therein before September 1st, said property shall be assessed and taxes thereon collected for the current year, notwithstanding one member of the firm was a resident of the state before the 1st day of March, and the other member was, and has been at all times, a resident of another state.

(Syllabus by the Court.)

*Error from District Court, Osage County;*
*John J. Shea, Judge.*

Action by Bivins & Carroll against John L. Bird, Sheriff of Osage County. Judgment for defendant, and plaintiffs bring error. Affirmed.

*M. Fulton* and *Boone, Leahy & MacDonald,* for plaintiffs in error.

*Hoffman & Foster (C. H. Pittman* and *Emery A. Foster,* on the brief), for defendant in error.

HAYES, J.   Plaintiffs in error, hereinafter referred to as plaintiffs, originally brought this action in the district court of Osage county to enjoin defendant in error, as the sheriff of that county, from the collection of certain tax warrants issued by the county treasurer, by virtue of which defendant had levied on cattle belonging to plaintiffs. Defendant's demurrer to plaintiffs' petition was sustained as to all of the warrants except one. As to that one, the demurrer was overruled. Plaintiffs thereupon stood upon their petition, and defendant upon his demurrer, and the court rendered final judgment, enjoining the collection of all the warrants except one, but permitting the collection of that one. The only warrant involved in this proceeding is described as warrant No. 950, and the facts alleged in the petition relative to the issuance of such warrant in substance are: That it was issued for the sum of $825 on November 5, 1909, for taxes for said year 1909; that the property assessed for taxation, and upon which was levied the taxes for which said warrant was issued, was cattle purchased by plaintiff in the state of Texas in the spring of 1909 and brought to Osage county, Okla., after the 1st day of March, and that said cattle were assessed in the state of Texas for the year 1909, and that the taxes thereon had been paid. The petition also alleges that plaintiffs constitute a firm, composed of William Bivins and R. J. Carroll; that neither of said partners, nor any authorized agent, ever listed said cattle for taxes in Osage county, Okla., for the year 1909, and that the said R. J. Carroll was, prior to the 1st day of March, 1909,

and at all times involved in this proceeding, a resident of the state of Oklahoma, and that the said William Bivins was, prior to March 1, 1909, and has continued since said date at all times to be, a resident of the state of Texas, and is not now, and has never been, a resident of the state of Oklahoma.

On March 10, 1909, there was approved an act by the Legislature entitled "An act to provide for raising and collecting revenue for the fiscal year ending June thirtieth, nineteen hundred ten, and for each fiscal year thereafter, and to codify and revise the laws of the state relating to revenue and declaring an emergency." Sess. Laws 1909, p. 572. Section 1, art. 1, of this act makes all property in the state, whether real or personal, except such as has been exempted, subject to taxation. Personal property, as defined in section 4 of the same article, includes the character of property involved in this proceeding. Section 1, art. 2, of the act requires that all taxable property shall be listed as soon as practicable on or after the 1st day of March, in the name of the owner thereof on the 1st day of March of each year, at its fair cash value. It is not contended that the property of plaintiffs was, under this section, subject to assessment and taxation for the year 1909; but section 2 of the same article reads as follows:

"The owner of personal property, removing the same from one county, town, or district to another between March 1st and September 1st, shall be assessed in either in which he is first called upon by the assessor. *A person moving into this state from another state, between March 1st and September 1st, shall list his personal property acquiring an actual situs therein before September 1st,* and the same shall be assessed and placed upon the tax roll and the taxes thereon collected as provided in this act, in the city, town, village or township in which the same is situated, unless it shall be shown to the assessor that he is held for the tax of the current year on the property in another state." (Italics ours.)

In the trial court and in this court plaintiffs have proceeded upon the theory that said section is constitutional, and that the act of which it forms a part repealed all former revenue laws providing for assessment of property in the state. As grounds for reversal of the judgment of the trial court, able counsel for plaintiffs in error in a brief, exhaustive upon the questions presented

by them, state that the propositions involved in this proceeding are:

"(1)   Does the general revenue law approved March 10, 1909, repeal all the former revenue laws of the state?  (2)  Does section 2 of article 2 of the revenue law provide for assessment of cattle brought into Osage county from the state of Texas after the 1st of March and prior to the 1st of September, when the owner thereof is a citizen and resident of the state of Oklahoma at the time?"

The conclusion we have reached upon the second proposition renders it unnecessary for us to decide the first one.   Whether personal property brought into this state after the 1st day of March and before the 1st day of September of each year is subject to assessment for taxation for such year, when the owner thereof was at the time of the removal, and prior to the 1st day of March of said year, a resident of the state, is determined by the italicized portion of section 2, art. 2 of the act, *supra*.   The language of this portion of the act seems to us too clear, its grammatical construction too accurate, to admit of doubt or to require construction.   It was intended by it to authorize and require that a person who moves into the state from another state between March 1st and September 1st, and brings to the state within said dates personal property that acquires an actual situs before the last-mentioned date, shall list such property for taxation, and the same shall be taxed.   It does not include persons who were residents of the state before the 1st day of March, and thereafter between said date and September 1st, move property into the state.

The exact question here involved, as presented by plaintiffs' brief, is:  Does the fact that one member of the firm was, prior to the 1st of March, and has been ever since, a resident of this state, save the firm's property from the operation of this statute? There is no contention that the firm did not move into the state after March 1, and before September 1, 1909, and that the cattle upon which the tax was levied were not likewise moved and acquired an actual situs in the state before September 1st.   The petition in fact is rather indefinite as to the domicile of the firm at all times.   It fails to allege whether prior to March 1, 1909,

the domicile of the firm was in Texas or in Oklahoma, nor is there any affirmative allegation in the petition that it did or did not remove into this state after March 1st of said year; but, since the burden is upon plaintiffs to allege facts showing that defendant is acting without authority of law, and the tax attempted to be collected has been illegally levied, and the only ground upon which it is sought to show that plaintiffs' property does not fall within this statute is that one member of the firm was a resident of this state before the 1st of March, 1909, it must be assumed, for the purposes of this case, that said fact is the only one existing to render the cattle not subject to taxation for the year 1909; and if that fact does not render the tax invalid, it is a valid tax, and the judgment of the trial trial court, overruling the demurrer, should be sustained.

Section 5 of article 1 of the act provides that, in construing the provisions of the act, unless such construction shall be inconsistent with the manifest intention of the Legislature, and repugnant to the text, the word "person" shall include firm, company, or corporation. Substituting the word "firm" for the word "person" in the portion of the act italicized, *supra,* it would then read:

"A firm moving into this state from another state, between March 1st and September 1st, shall list its personal property acquiring an actual situs therein before September 1st," etc.

The mere allegation that one of the members of the firm was on March 1, 1909, and has been at all times since, a resident of this state, and that the other has been during said times a resident of the state of Texas, is not equivalent to an allegation that the firm did not move into the state between March 1 and September 1, 1909.

"The domicile of a partnership is the place where its business is carried on, and personal property belonging to the firm and employed or invested in its business is to be assessed to the firm as such, and at its place of business, irrespective of the residence of the individual partners." (37 Cyc. 958.)

It is apparent from the provisions of the revenue act that it is intended that the property of a firm shall, for the purpose of taxation, be dealt with separately from the property of the members

of the firm.  The act does not require that each member of a firm shall, with his other property, list his interest in partnership property for taxation, but that the property of the firm or company shall be listed by a partner 'or agent thereof.

Section 4 of article 2 and section 11 of article 3 require that, when "a person," which includes a firm, does business in the state in more than one county, the property and credits existing in any one of the counties are to be listed and taxed in that county, and credits are to be listed and taxed in that county where his ·principal place of business may be, and each individual of a partnership is made liable for the taxes due, not ·on his interest in the partnership, but from the firm.  We think that when a firm moves its business, or a substantial part, within the state, the firm has, within ·the' contemplation of section 2, art. 2, *supra,* moved into the state; and, if such removal takes place between the 1st day of March and the 1st day of September of any year, all property brought into the state by the firm, and acquiring an actual situs therein before September 1st, is subject to assessment and taxation.  If the firm in this case had other property during the year 1909 than that on which the taxes involved were assessed, or had any other business than that of managing and caring for said cattle and preparing them for the market, it is not disclosed by this record; and it should be held that said firm moved into this state between March 1st and September 1st, within the purview of said act, notwithstanding neither of the individual members thereof did so move into the state during said time.  Said section 2, art. 2, provides an exception as to property brought into this state under the circumstances and within the time herein specified, in that it provides, "If it shall be shown to the assessor that he (the owner) is held for the taxes of the current year on the property in another state," the same shall not be subject to assessment.

Plaintiffs in error do not allege in their petition that they or their firm are held for taxes in Texas on this property, or that they or their firm paid said taxes.  It is alleged only that said cattle were assessed in Texas, and that taxes thereon for the year 1909 have been paid.  Whether these facts bring this prop-

erty within the scope of the exception of the act, no contention has been made in this court, and seems not to have been made in the trial court; and we shall, therefore, not consider it here.

Under the foregoing views, the judgment of the trial court should be affirmed.

All the Justices concur.